THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

LINDA WITHERSPOON,

    Plaintiff,

v.                                                  Case No._____
                                                                       JURY DEMANDED

ALLEGRO FINE FOODS, INC..

    Defendants.
_____

**COMPLAINT**
_____

      Plaintiff Linda Witherspoon brings this cause of action against the Defendant Allegro Fine Foods, Inc. for compensatory and punitive damages arising from age and disability discrimination and retaliation and would show this Honorable Court and a jury of her peers the following:

**Parties, Jurisdiction, and Venue**

1.     Defendant Allegro Fine Foods, Inc.("AFF")— a Tennessee Corporation at 1595 Highway 218 Bypass, Paris, Tennessee 38242 — is a company that bottles, manufactures, and sells marinades and sauces. Allegro Fine Foods, Inc. may be served via its Registered Agent for Service of Process Jason Howell. Allegro Fine Foods, Inc. employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Allegro Fine Foods, Inc. was the employer of the Plaintiff.

2.     Plaintiff Linda Witherspoon ("Witherspoon") is a resident of Henry County, Tennessee, and

1

    resides at 1090 Guthrie Road, Paris, TN 38242.

3. The acts upon which this lawsuit are based arose in Henry County, Tennessee, and AFF's office is located within this County, making venue proper in this Court.

4. Jurisdiction is proper under 28 U.S.C. § 1331, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.;* the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.;* Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.;* and Tennessee Human Rights Act , T.C.A. §4-21-101 *et seq.*

5. Witherspoon submitted a Charge of Discrimination to the EEOC, received a Right to Sue, and filed this action within 90 days of receiving her Right to Sue.  A copy of the "Right to Sue" is attached hereto as Exhibit A.

6. This action is also based upon the common law of promissory estoppel and a tortious breach of an implied covenant of good faith and fair dealing.

7. This action is also based upon an employment termination in violation of the public policy of Tennessee.

8. In addition, this action is based upon intentional and negligent infliction of emotional distress (tort of outrage); tortious interference of an employment relationship; and misrepresentation.

9. This Court has supplemental jurisdiction over plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367.

10. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. 1391(b), are proper in this court.

**Factual Allegations**

11. Witherspoon is a white female over the age of forty (40).

12. Witherspoon became an employee of Allegro Fine Foods, Inc. ("AFF") on or about November 2005 as a laborer.

13. Ms. Witherspoon adequately performed her job as usual until she began experiencing carpal tunnel and rheumatoid arthritis in both her hands and wrists.

14. She went to the doctor, had surgery for her disability, and after returning to work, requested to move to another position or be allowed the opportunity to rotate to different positions due to the detrimental effect of her constant performance of repetitive motions.

15. AFF knew of her disability and perceived Ms. Witherspoon as disabled due to her constant requests for doctors visits and breaks and her updates to AFF managers and supervisors regarding her disabled hands/wrists.

16. Instead of an accommodation, Ms. Witherspoon received verbal and written warnings from AFF for attending doctors visits to deal with her disabilities.

17. AFF never provided a reasonable accommodation for Ms. Witherspoon's disabilities.

18. AFF allowed another laborer, Kathy Hunter, with a disability to move to a less physically strenuous job in another department to put on labels and push a box cart.

19. Defendant discriminated against Ms. Witherspoon for an actual and/or perceived disability.

20. Ms. Witherspoon is an individual with a "disability" as that term of art is defined under the ADA or was "regarded as disabled" by Defendant. Ms. Witherspoon's disability can substantially limit her major life activities of dealing with work related stress, sleeping, lifting,and working in a class or range of jobs.

21. At all relevant times hereto, Ms. Witherspoon was over the age of forty (40) and therefore, a member of the protected class for age discrimination.

22. Defendant replaced Ms. Witherspoon with younger employees, below age 40, who assumed Ms. Witherspoon's duties and responsibilities.

23. Upon information and belief, Defendant pays these younger employees less money to perform the same duties as Ms. Witherspoon.

24. Defendant discriminated against Ms. Witherspoon on the basis of her age.

25. Upon information and belief, AFF terminated Ms. Witherspoon so a younger employee could assume her job duties.

## Causes of Actions

26. Defendant discriminated against Ms. Witherspoon by terminating her on the basis of her actual and perceived disabilities in violation of the Americans with Disabilities Act.

27. Defendant discriminated against Ms. Witherspoon by terminating her on the basis of her age in violation of the Age Discrimination in Employment Act.

28. Defendant discriminated against Ms. Witherspoon by terminating her in retaliation for her protected reports of disability discrimination in violation of the Americans with Disabilities Act.

28. Defendants' conduct complained of herein constitutes a wrongful discharge in violation of the laws and public policy of the State of Tennessee.

29. Defendants' conduct complained of herein constitutes a violation of the common law of the State of Tennessee, including, but not limited to Hostile Work Environment.

30. As a result of these violations, Ms. Witherspoon seeks recovery for back pay, front pay, emotional distress, reinstatement, all benefits incident to employment, punitive damages,

attorney fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Witherspoon prays the Court will enter a judgment against Defendant for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief that the Plaintiff shows himself to be justly entitled.

RESPECTFULLY SUBMITTED this the 12th day of January, 2012.

                                    LAW OFFICE OF J. HOUSTON GORDON

                                    / William A. Wooten/
BY: _____
                                WILLIAM A. WOOTEN (#026674)
                                J. HOUSTON GORDON (#07523)
                                KEISHA M. RICHARDSON (#026429)
                                Attorneys for Plaintiff
                                P. O. Box 846
                                Suite 300, Hotel Lindo Bldg.
                                114 W. Liberty Avenue
                                Covington, TN 38019-0846
                                (901) 476-7100/Telephone
                                (901) 476-3537/Facsimile

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

                    /William A. Wooten/
                    _____

                    LAW OFFICE OF J. HOUSTON GORDON